IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| QUITMAN CARTER, 31889-044 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-639-DRH |
| | ) | |
| WARDEN CROSS | ) | |
| | ) | |
| Respondent. | ) | |

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on Petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois brings this habeas corpus action pursuant to **28 U.S.C. § 2241** to challenge the sentence that was imposed after Petitioner plead guilty on November 28, 2005, to the felony possession of a firearm pursuant to **18 U.S.C. § 922(g)(1) (2006)**. Three prior offenses (assault with intent to kill, second degree burglary, and involuntary manslaughter) caused Petitioner to be sentenced as an armed career criminal pursuant to **18 U.S.C. § 924(e)(1) (2006)**. Petitioner was then sentenced to 180 months in prison based on this status. Petitioner now claims that based on the ruling in the 2008 ***Begay v. U.S.*** case, which held that the felony offense of driving under the influence of alcohol is not a violent felony

within the meaning of the Armed Career Criminal Act, his involuntary manslaughter charge should not be construed as a violent felony and thus he should not have been sentenced as an armed career criminal.

**Rule 4** of the Rules Governing Section 2254 Cases in the United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. D. CTS. R. 4 (2010). **Rule 1(b)** of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* **R. 1(b).** After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to **28 U.S.C. § 2255**, and this remedy normally supersedes the writ of habeas corpus. A **§ 2241** petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* **138 F.3d 693, 694 (7th Cir. 1998);** *Atehortua v. Kindt,* **951 F.2d 126, 129 (7th Cir. 1991).** However, a petition challenging the conviction may be brought pursuant to **28 U.S.C. § 2241** if the remedy provided by **28 U.S.C. § 2255** is inadequate or ineffective. *See also* *Waletzki v. Keohane*, **13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who**

**challenges his *federal* conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255.").**

Petitioner contends that he is one of those for whom the **§ 2255** motion is inadequate or ineffective to test the legality of his detention.  However, the fact that Petitioner may be barred from bringing a second **§ 2255** petition is not, in itself, sufficient to render it an inadequate remedy.  ***In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (section 2255's limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).**  Instead, a petitioner under **§ 2241** must demonstrate the inability of a **§ 2255** motion to cure the defect in the conviction.

In ***In re Davenport***, the Seventh Circuit considered the meaning of "inadequacy" for purposes of **§ 2255**.  The Seventh Circuit stated that "[a] procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as ***having been imprisoned for a nonexistent offense***." *Davenport,* **147 F.3d at 611 (emphasis added).**  The Seventh Circuit clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." ***Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).**

Such is not the case here.  Petitioner does not suggest that the charged

Page 3 of  5

conduct is no longer a crime.  Instead, Petitioner merely asserts that after the decision in *Begay*, a conviction for the felony offense of driving under the influence of alcohol is no longer considered a violent felony within the meaning of the Armed Career Criminal Act.  The *Begay* decision challenged the broad coverage of the language in **§ 924(e)(2)(B)(ii)**, making a violent felony any which involved "burglary, arson, extortion, or crimes involving the use of explosives," and stated that had Congress meant for the language to be all encompassing, it would not have included these intentional crimes in the definition**.  *Begay v. U.S.*, 553 U.S. 137, 142 (2008).**

However, the decision in *Begay* did not nullify the felony crimes of driving under the influence, nor involuntary manslaughter, but simply changed the way in which they can be considered for sentencing purposes.  Petitioner here asserts that his crime of involuntary manslaughter should not be considered a violent felony for sentencing, not that the crime should not now be considered a crime at all.  Where, as here, a petitioner is merely attacking the validity of his sentence, instead of making a claim that he is actually innocent of the crime for which he was sentenced, the correct motion to be filed is a **§ 2255** motion.  ***Davenport*, 147 F.3d at 609-10.**  Petitioner filed a **§ 2255** motion in July 2010 and it was in that motion that Petitioner could have raised his current claim.  As such, **§ 2255** does not prove to be an inadequate remedy for Petitioner's current claim, and consistent with ***In re Davenport***, Petitioner cannot raise his current claim under

the awning of **§ 2241**.

Therefore, **§ 2241** cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

Signed this 28th day of January, 2011.

                                            David R. Herndon
                                            2011.01.28
                                            16:15:32 -06'00'

                              **Chief Judge**
                              **United States District Court**